People v Abbazia (2026 NY Slip Op 50290(U))

[*1]

People v Abbazia

2026 NY Slip Op 50290(U)

Decided on March 10, 2026

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2026
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

againstMary A. Abbazia, Defendant.

Case No. 25060110

Brian P. Green, District Attorney, Monroe County (Anthony Ciaccio of Counsel), for plaintiff.Alex F. Phillippone, Rochester, for defendant.

Thomas J. DiSalvo, J.

History of the CaseThe defendant was charged by Webster Police with the single charge of common law driving while intoxicated pursuant to VTL § 1192 (3). Filed with the court was a simplified traffic information accusing the defendant of said charge. a three page fill in the blanks document labeled "Supporting Deposition/Bill of Particulars" and two civilian supporting depositions.[FN1]
An arraignment of the defendant was conducted on August 7, 2025. No report of refusal to take a chemical test was submitted to the court pursuant to VTL § 1194 (2) (b) (2). Thus there was no temporary suspension of the defendant's licence pending a refusal hearing at the Department of Motor Vehicles as would be required by VTL § 1194 (2)(b) (3). Subsequently various adjournments for completion of discovery and the filing of motions were granted. Defense counsel filed omnibus motions with this court on January 6, 2026. On February 2, 2026, the People filed a Certificate of Compliance/ Statement of Readiness. A Notice of Motion and Responding Affirmation was filed by the People on February 17, 2026. Motion argument was conducted on February 18, 2026. Pertinent to this decision, the defense is requesting that the [*2]court dismiss the accusatory instrument herein as being insufficient on its face, pursuant to CPL § 170.35 (1) (a); as being jurisdictionally defective pursuant to CPL § 170.35 (1) (b); as lacking proper verification, pursuant to CPL § 100.15 (1) and for failure to allege facts of an evidentiary character as to each element of the offense, pursuant to CPL § 100.15 (3). In addition, the defense alleges that the case should be dismissed, pursuant to CPL § 170.30 (1) (f) because the police did not have probable cause to arrest the defendant. Defense counsel's motion further demands that the court suppress the alleged refusal to submit to a chemical breath test on the grounds that she was not provided with a sufficient warning, in clear and unequivocal language of the effect of such refusal or that hearing be ordered to determine said issue. Counsel further requested a Gursey hearing to determine if her right to consult with an attorney relative to taking the chemical breath test was violated. Lastly the defense is requesting a Huntley hearing relative to the voluntariness of any statements made to the police by the defendant.

Facts of the Case.
The simplified traffic information alleged that the offense took place on June 9, 2025 at 423 Ridge Road in the Town of Webster. That the defendant was operating a 2023 blue Honda in a southerly direction on the said Ridge Road. The deposition indicates that the offense took place at 1617 hours, i.e. 4:17 P.M. and that the arrest occurred at 5:38 P.M. It went on to allege that the defendant refused to take a chemical breath test and that the defendant refused to take the test on three occasions, to wit: 1817, 1828 and 1839 hours. The deposition indicated that the defendant was read the refusal warnings. Both the simplified traffic information and the supporting deposition were executed by Officer VanLeeuen of the Webster Police Department. According to the supporting deposition a civilian complaint was said to be the basis of the stop. That there was direct observation of the vehicle by Webster Police Officer Crisafulli and Sergeant Coppa. That the identification of the defendant was by a civilian witness. No other information was provided about the identity of that witness. Probable cause for the arrest was alleged to be by "Officer's Observation of the Defendant" by the same two officers. Their observation included the odor of alcoholic beverage, glassy eyes, impaired speech, and impaired motor coordination. It was further indicated that the defendant refused to perform any field tests. In the section labeled "Admissions by the Defendant" the officer filled the block "Uncooperative Conduct". It was also noted that the defendant refused to take the preliminary breath test.
The civilian deposition, which was taken by Sergeant Coppa on June 9, 2025, states that at 3:30 P.M. the deponent was working at a car dealership on Ridge Road when a blue Honda CRV with heavy front end damage drove into the parking lot of said establishment. The deponent identified the driver of the vehicle as "A short white female wearing a white shirt and blue pants [and] was in the driver seat." The deponent stated that the driver of said vehicle approached him and told him that there was something wrong with her car. Said deponent went on to state that "the woman appeared to be incoherent".

 Legal Analysis.
Sufficiency. VTL § 1192 (3) states that "No person shall operate a motor vehicle while in [*3]an intoxicated condition." An accusatory instrument charging a defendant with common law driving while intoxicated must provide reasonable cause to believe three specific elements. Namely, the accusatory instruments must allege that the defendant operated a motor vehicle; that the defendant was intoxicated and that the operation and intoxication were simultaneous.[FN2]
In this case the accusatory instruments include a simplified traffic information a supporting deposition of the arresting officer and a civilian supporting deposition. A similar situation was addressed by the Court of Appeals. When it held that
"A simplified traffic information, to be sufficient on its face, need only comply with the requirements of the Commissioner of Motor Vehicles; it need not provide on its face reasonable cause to believe defendant committed the offense charged (CPL 100.25, 100.40, subd. 2). But if defendant requests a supporting deposition, to which he has a statutory right, it must provide reasonable cause (CPL 100.25, subd. 2). The People's tender of such a deposition voluntarily, rather than waiting for defendant's request, should not obviate the need for the deposition to provide reasonable cause." (People v. Key, 45 NY2d 111,115-116, 408 N.Y.S.2d 16,19 [1978]).
Section 100.20 sets out the definition and the required form and content of a supporting deposition. That section states as follows:
"A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein."It is important to note that it is unclear as to what was actually observed by Officer VanLeeuwen, the arresting officer. As stated above his deposition was based on the observation of the vehicle and the defendant by officers other than himself. Thus the 'fellow officer rule" comes into effect.
"Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting "upon the direction of or as a result of communication with" a fellow officer or another police agency in possession of information sufficient to constitute probable cause for the arrest (People v. Mims, 88 NY2d 99, 113, 643 N.Y.S.2d 502, 666 N.E.2d 207; *420 People v. Maldonado, 86 NY2d 631, 635—636, 635 N.Y.S.2d 155, 658 N.E.2d 1028; People v. Landy, 59 NY2d 369, 375, 465 N.Y.S.2d 857, 452 N.E.2d 1185). Information received from another police officer is presumptively reliable (People v. Landy, 59 NY2d, at 375, 465 N.Y.S.2d 857, 452 N.E.2d 1185, supra ). Where, however, an arrest is [*4]challenged by a motion to suppress, the prosecution bears the burden of establishing that the officer imparting the information had probable cause to act (People v. Mims, 88 NY2d, at 113—114, 643 N.Y.S.2d 502, 666 N.E.2d 207, supra )." People v. Ketcham, 93 NY2d 416, 419-420, 690 N.Y.S.2d 874,877 [1999].
Taking into account the supporting deposition of the arresting officer as set out in the fill in the blanks supporting deposition, the fellow officer rule and the supporting deposition of the civilian witness, the accusatory instruments which charge the defendant with common law driving while intoxicated provide "reasonable cause to believe that the defendant committed the offense or offenses charged".[FN3]
CPL § 70.10 (2) states
"'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay."When considered as a whole, the accusatory instruments herein provide reasonable cause to believe the defendant operated a motor vehicle, that the defendant was intoxicated and that operation and intoxication were simultaneous. Thus the motion to dismiss the accusatory instrument herein, pursuant to CPL § 170.30 (1) (f), consisting of a simplified traffic information and which was supported by the said supporting depositions pursuant to 170.35 (1) (a) is hereby denied. The remaining motions regarding lack of jurisdiction, lack of verification and for failure to allege facts of an evidentiary character are without merit.
Probable Cause. Defense counsel alleges that the police did not have probable cause to arrest the defendant. As a result he is requesting that the information gleaned from said arrest be suppressed. "The CPL uses the phrase 'reasonable cause' in lieu of the phrase 'probable cause.' See, e.g., CPL § 70.10(2). However, it is well settled that '[r]easonable cause' means probable cause.'"[FN4]
In any event, motions to suppress evidence is governed by CPL § 710.60. Defense counsel is requesting that the information of the arrest be summarily granted or in the alternative that a probable cause hearing be conducted. The People oppose both demands.
There is no doubt that the appellate courts in this state favor the granting of probable cause hearings. See for example People v. Harris, 182 AD2d 515,516, 554 N.Y.S.2d 170,171 [1st Dept. 1990] wherein the court stated "We have frequently criticized the practice of summarily denying suppression motions without a hearing where defendant sets forth a minimally sufficient showing to warrant a hearing on the suppression issue." Furthermore, CPL § 710.60 (6) states "Regardless of whether a hearing was conducted, the court, upon determining [*5]the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination." It has been held that
" Where material facts are disputed, a Court cannot fairly and impartially make the 'findings of fact' required by CPL § 710.60(6) without holding a hearing, because:The question of probable cause is a mixed question of law and fact. Determination of the facts and circumstances bearing on the issue, which hinges primarily on questions of witness credibility, is a question of fact. However, it is a question of law whethe r the facts found to exist are sufficient to constitute probable cause. People v. Morales, 42 NY2d 129, 134, 397 N.Y.S.2d 587, 590, 366 N.E.2d 248 (1977)."[FN5]
In any event, the facts currently before the court do not permit it to summarily grant or deny the motion to suppress the evidence obtained by the arrest of the defendant for lack of probable cause for the arrest. Thus the motion for a probable cause hearing is granted.
Suppression of Defendant's Alleged Chemical Breath Test Refusal VTL § 1194 (2) (f) states as follows:
"Evidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal."
As previously stated the supporting deposition indicates that the defendant was provided said warning three separate times. Two of which times are said to be two hours beyond the time of the arrest of the defendant. See VTL § 1194 (2) (a) (1), which states "having reasonable grounds to believe such person to have been operating in violation of any subdivision of section eleven hundred ninety-two of this article and within two hours after such person has been placed under arrest for any such violation"Nevertheless, the defendant maintains that the alleged refusal to take the chemical breath test be suppressed because the refusal warnings provided to her were inadequate; that warnings were in violation of the two hour rule; that she did not affirmatively refuse to take the chemical breath test' nor did she engage in any persistent refusal to take said test. As a result of the conflicting facts alleged regarding the chemical test refusal, the court cannot summarily decide the motion. Thus the matter is set down for a suppression hearing in accordance with CPL § 210.60 (4).
Gursey Hearing. The defendant maintains that she was not permitted to confer with an attorney regarding whether or not she should have taken the chemical breath test. As a result she maintains that this is another reason why her refusal to submit to a chemical test should be suppressed. In People v. Gursey, 22 NY2d 224,226, 292 N.Y.S.2d 416,417 [1968] "The only issue presented is whether a criminal conviction may rest upon the results of a chemical test [*6]performed over the defendant's initial objection and after he had been prevented from telephoning his lawyer for legal advice concerning the test, such communication involving no significant or obstructive delay." In that case the Court of Appeals determined that the results of the chemical breath test should have been suppressed because the defendant was denied his right to counsel despite the fact that contacting his lawyer was in fact "without any occasioning any significant obstructive delay".[FN6]
Again, under the alleged facts and circumstances herein the court is required to set this matter is set down for a Gursey suppression hearing pursuant to CPL § 710.60 (4).

Conclusion.
The motion to dismiss the accusatory herein charging the defendant with common law driving while intoxicated as being insufficient on its face is hereby denied. The motion to summarily suppress the arrest of the defendant is denied, but the motion to conduct a probable cause hearing is granted. The motion to summarily suppress the alleged refusal of the defendant to submit to a chemical breath test, because of an inadequate warning; that the two hour rule was violated and that she did not formally refuse the test is denied, but the motion for a hearing on those issues is granted. The motion to summarily suppress the alleged refusal of the defendant to submit to a chemical breath test because the defendant was denied her right to consult with an attorney is denied. However, a Gursey hearing will be conducted to determine that issue. The motion for a Huntley hearing is hereby granted. This constitutes the decision and order of this court.
Dated: March 10, 2026Webster, New YorkHon. Thomas J. DiSalvoWebster Town Justiee

Footnotes

Footnote 1:(This second civilian deposition describes an event on the same day of the alleged offense. However it was at an undetermined time of day, on a different street from the location set out in the simplified traffic information and supporting deposition, involving a different colored SUV from the one set out in the simplified information and supporting deposition. Nor does the said supporting deposition identify the driver of the burgundy colored SUV as a male or a female. At best one must discount this deposition as having no connection to the arrest of the defendant herein.)

Footnote 2:(See Gerstenzang, Handling a DWI Case in New York § 15:32 at 817 [2025-2026 ed])

Footnote 3:(CPL § 100.25 [2])

Footnote 4:(See Gerstenzang, Handling a DWI Case in New York § 1:31at 64 [2025-2026 ed])

Footnote 5:(Gerstenzang, Handling a DWI Case in New York § 1:371at 83-84 [2025-2026 ed])

Footnote 6:(Id.)